[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12910

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID LOMBA BARROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00260-LMM-CMS-4

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

David Barros appeals his convictions and sentence for conspiring to import 5 kilograms or more of cocaine into the United States, 21 U.S.C. § 963, conspiring and attempting to possess with intent to distribute cocaine, *id.* §§ 841(b)(1)(B), 846, and money laundering, 18 U.S.C. § 1956(h). He argues that the district court erred by denying his motion for a mistrial after a witness suggested that Barros take a polygraph examination and that Barros be asked a question that defense counsel asked the witness. He also argues that the district court erred by applying two sentencing enhancements, United States Sentencing Manual §§ 2D1.1(b)(16), 3B1.1(c), and that his sentence is substantively unreasonable. We affirm.

We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Reeves*, 742 F.3d 487, 504 (11th Cir. 2014). We review findings of fact for clear error and the application of the Sentencing Guidelines *de novo*. *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013). We review the reasonableness of a sentence and weighing of the sentencing factors, 18 U.S.C. § 3553(a), for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court did not abuse its direction in denying Barros's motion for a mistrial. On cross-examination, defense counsel asked witness Jason Arias whether he had any records to support his testimony that Barros was involved in the drug-trafficking

operation, and Arias responded that counsel could have Barros take a "lie detector test." After the district court told Arias to respond only to counsel's questions, Arias again said that Barros could take a lie detector test to answer counsel's question about proof of Barros's involvement. After defense counsel asked Arias whether one of the video exhibits revealed drugs, Arias responded, "Ask [Barros]." Although the district court denied Barros's motion for a mistrial, it granted a request from counsel for one of Barros's codefendants to provide a curative instruction. Defense counsel approved of the instruction. The district court then instructed the jury that polygraph examinations generally are inadmissible in criminal trials and that the jury should not consider the absence of a polygraph examination as evidence "in any way." The district court instructed the jury that it was the government's burden to prove Barros's guilt and that Barros was not required to produce evidence of any kind. In the light of the ample evidence of Barros's involvement and this curative instruction, which we presume the jury followed in acquitting Barros of the only substantive importation count, Barros has not established that Arias's comments were so prejudicial as to be incurable by the instruction. *See United States v. Roy*, 855 F.3d 1133, 1186–87 (11th Cir. 2017) (en banc); *United States v. Funt*, 896 F.2d 1288, 1295 (11th Cir. 1990).

Barros argues that the district court erred in enhancing his sentence for his role in the scheme. Section 2D1.1(b)(16)(A) and (C) provides for a two-level increase for a defendant who receives an aggravating-role enhancement, U.S.S.G. § 3B1.1, if he was directly involved in importing a controlled substance, *id.* § 2D1.1(b)(16)(C),

or used friendship or affection to involve an individual who received little or no compensation and had minimal knowledge of the enterprise, *id.* § 2D1.1(b)(16)(A). The aggravating-role enhancement applies if the defendant was an "organizer, leader, manager, or supervisor" in the criminal activity. *Id.* § 3B1.1(c). Managing the assets of a conspiracy is insufficient; the defendant must have managed or exercised control or influence over at least one other individual. *See United States v. Sosa*, 777 F.3d 1279, 1301 (11th Cir. 2015); *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2009).

The district court did not err. The record supports its finding that Barros exerted control or influence over at least one person— his girlfriend, Madison Kelleher. U.S.S.G. § 3B1.1(c). Kelleher told agents that Barros paid for her flight to Costa Rica, provided her with $3,500 cash to take there and "souvenirs" containing cocaine to take back to the United States, told her to place the "souvenirs" in her luggage, and instructed her to return the "souvenirs" to him in the United States. In addition to Kelleher's statement, the district court considered Arias's testimony that Barros recruited travelers to fly between Costa Rica and the United States to further the drug-trafficking conspiracy. *See United States v.* Clay, 483 F.3d 739, 744 (11th Cir. 2007). Because the district court did not err in applying the aggravating-role enhancement, U.S.S.G. § 3B1.1(c), and Barros conceded at sentencing that he was directly involved in importing a controlled substance, the district court also did not err in applying the additional enhancement for his direct involvement in the importation, *id.* § 2D1.1(b)(16)(C).

Barros's below-guidelines sentence also is substantively reasonable. The district court varied below his advisory guidelines sentencing range of 188 to 235 months of imprisonment and imposed a sentence of 168 months. Barros argues that Arias later received a lesser sentence despite his more significant role as an organizer, which results in an unwarranted sentencing disparity. Even if this were an appropriate basis for relief, *see United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015), Barros is not similarly situated with Arias, who pleaded guilty and provided substantial assistance to the government. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). Barros's sentence, which is well below the maximum statutory sentence of life imprisonment, is reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

We **AFFIRM** Barros's convictions and sentence.